## UNITED STATES BANKRUPTCY COURT
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | |
| Ross K. Armishaw | Case No.: 25-10927-djb |
| Debtor | Chapter 7 |
| 908 Poplar Ct,<br>Bensalem, PA 19020<br>SSN/ITN: xxx-xx-7326 | Judge Derek J Baker |

### FORM 16-3 MOTION FOR RELIEF FROM STAY

Now comes, Kafi Murad-Birch, Natalia Birch, and KB, a minor by and through her parent and natural guardian, Kafi Murad-Birch,, herein after referred to or otherwise known as "Movants" and respectfully moves this Court as follows:

1. The Court has jurisdiction over this matter under 28 U.S.C. (§) 157 and 1334. This is a core proceeding under 28 U.S.C. (§) 157(b)(2). The venue of this case and this Motion are proper under 28 U.S.C. (§)1408 and 1409. The statutory basis for the relief requested in this motion is 11 USC (§) 362.

2. On March 7, 2025, Ross K. Armishaw, Debtor, filed their voluntary petition under Chapter 7 of the United States Bankruptcy Code. Lynne E. Feldman was appointed trustee on March 10, 2025.

3. On February 12, 2025, Movants filed a Civil Action Complaint against multiple parties/tortfeasors, including Ross Armishaw, resulting from injuries and damages sustained in a motor vehicle incident which occurred on December 19, 2023 commencing the civil case styled as *Birch, et al v. Armishaw*, et al, Court of Common Pleas of Philadelphia County, Case ID No. 250201818. Movants assert that the accident was caused by the negligence of the Debtor Armishaw, among other things.

4. Movants has preserved their prepetition right to such claims in tort against Defendant, Debtor Ross Armishaw by filing the aforementioned lawsuit prior to the statute of limitations and as such their cause of action against Defendant, Ross Armishaw, is not time barred.

5. Debtor Ross Armishaw was covered under a policy of insurance with Liberty Mutual Insurance Company Policy No. AO12816340904521 under claim No. 055646259.

6. Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have equity in such property; and
> (B) such property is not necessary to an effective reorganization

7. Because the automatic stay is not meant to be indefinite or absolute, the Court has the authority to grant relief from the stay in appropriate circumstances. Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists. After a prima facia showing by a Movant, the debtor has the burden of proving that a Moving is not entitled to relief from the stay. 11 USC (§) 362 (g).

8. Ultimately whether cause exists to terminate or modify the automatic stay under Section 362(d)(1) is within the sound discretion of the bankruptcy court and is determined by the totality of the circumstances. *In re Porter,* 371 B.R. at 744.

9. When an unsecured creditor seeks to lift the automatic stay in order to continue litigation in another forum, Courts engage in a balancing test allowing for modification of the stay where no great prejudice to either the debtor or the estate would result and where the hardship to the plaintiff caused by the continuance of the stay outweighs the hardship to the debtor caused by the stay modification. *In re Chan*, 355 B.R. at 498; *In re Glunk* 342 B.R. 717, 740 (Bankr. E.D. Pa. 2006).

10. The balancing of the harms test has been used by Courts with frequency to support the grant of relief from stay when a creditor seeks to return to state Court to assert a claim that may be satisfied by a debtor's prepetition insurance coverage. Stay relief, therefore, is appropriate and has been

granted by Courts when an unsecured creditor seeks to return to a non-bankruptcy forum to assert a claim which may be satisfied by a debtor's prepetition insurance coverage or when a creditor seeks to conclude prepetition litigation involving multiple parties or that is ready for trial. *In re SCA Group, Inc.* 395 B.R. at 857.

11. Courts have regularly held that "the proceeds of the insurance policy in question are not property of the estate under 11 U.S.C. § 541(a) since debtor does not have a right to receive and keep the proceeds when the insurer pays on the claim". *First Fidelity Bank v. McAteer*, 985 F.2d 114, 116 (3d Cir.1993). The Court held that the proceeds of the policy were not property of debtor's estate because the debtor had no cognizable interest in them. The Court noted that such proceeds "will normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract." *Id.* In this instance, the policy proceeds/limits of liability coverage are owed solely to Movants as those harmed by the debtor under the terms of the pertinent insurance contract, and neither the Debtor nor the bankruptcy estate have a direct claim or cognizable cause of interest in the policy limits and/or proceeds.

12. Furthermore, the protection from liability afforded the debtor under the Code does not affect the liability of the debtor's insurers. Courts, relying on 11 U.S.C. § 524(e), have allowed claimants to proceed with tort claims against the debtor for the purpose of collecting from the debtor's liability insurer. See e.g. *Green v. Welsh*, 956 F.2d 30 (2d Cir.1992); In re *Jet Florida Systems, Inc.*, 883 F.2d 970 (11th Cir.1989). Thus, the creditor remains free to collect the full amount of the original obligation from any non-debtor party such as a guarantor or insurer.

13. Movants believe that the relief granted in connection with this Motion will be consensual and will have no meaningful effect on the administration of the bankruptcy case and/or the Debtor's assets and/or the Bankruptcy Estate's assets. Therefore, Movant respectfully submits that the Order be granted and permit Movants to litigate their case in State Court against Debtor as currently filed.

14. Pursuant to 11 U.S.C. (§) 362(d)(1) and 11 U.S.C. (§) 362(d)(2) Movant requests relief insofar as such a stay and/or discharge will prejudice Movants in their capacity as Plaintiffs due to no fault of their own and leave them with no civil recourse. Further, such a stay should not be deemed

applicable in relation to the pertinent insurance policy in question given that 1. Debtor does not have or maintain personal equity in the policy coverage itself and 2. The policy coverage and/or limits are not necessary to an effective reorganization of the bankruptcy estate. Permitting Movant's Civil Case to move forward against Defendant Ross Armishaw in relation to his insurance coverage applicable at the time of the instant accident that is the subject of Plaintiffs' Common Pleas lawsuit effectively eliminates a potential creditor(s) to the bankruptcy estate.

15. This Motion confirms to the standard form adopted in this district. The pertinent Certificate(s) of Service are attached hereto.

WHEREFORE, Movant prays as follows and specifically requests that:

A. Relief from stay be granted pursuant to 11 U.S.C. (§) 362(d)(1) and 11 U.S.C. (§) 362(d)(2) and that Movant's Civil Action, namely Court of Common Pleas of Philadelphia County, Case ID No. 250201818 be deemed exempt and/or otherwise excepted from the stay and/or discharge of Case No.: 25-10927-djb and that Movants' Civil Action be permitted to remain in active status and move forward in the Court of Common Pleas of Philadelphia County against all Defendants.

Dated: June 6, 2025

Respectfully Submitted,

Brett M. Walker, Esq.
Louis B. Himmelstein and Associates, P.C.
1420 Walnut Street, Suite 1000
Philadelphia, PA 19102
Phone – 215-790-9996
Fax- 215-790-9055
lawyers@himmelsteinlawoffices.com

UNITED STATES BANKRUPTCY COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

In Re:

Ross K. Armishaw

       Debtor

908 Poplar Ct,
Bensalem, PA 19020
SSN/ITN: xxx-xx-7326

Case No.: 25-10927-djb

Chapter 7

Judge Derek J Baker

## ORDER

     AND NOW, this _____ day of _____, 2025, upon consideration of Movant's Motion for Relief from Stay, and any response thereto, it is hereby ORDERED and DECREED that Movants' Motion is GRANTED and Movants shall be granted the relief requested in the form of a Modification and/or Relief from Stay pursuant to 11 U.S.C. (§) 362(d)(1) and 11 U.S.C. (§) 362(d)(2) and that Movant's Civil Action, namely Court of Common Pleas of Philadelphia County, Case ID No. 250201818 be deemed exempt and/or otherwise excepted from the stay and/or discharge of Case No.: 25-10927-djb and that Movants' Civil Action be permitted to remain in active status and move forward in the Court of Common Pleas of Philadelphia County against all Defendants.

                                                                                                            J.

Copies of this Order shall be provided in accordance with Local Rule 9014-3(f)(1) to the following:

Debtor Ross Armishaw
908 Popular Ct.
Bensalem, PA 19020
c/o:
Brad J. Sadek
Sadek Law Offices, LLC
1500 JFK Boulevard-STE 220
Philadelphia, PA 19102

Lynn E. Feldman, Trustee
2310 Walbert Avenue
Suite 103
Allentown. PA 18104

United States Trustee
Office of United States Truestee
Robert N.C. Nix Federal Building
900 Market Street – Suite 320
Philadelphia, PA 19107

UNITED STATES BANKRUPTCY COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

In Re:

Ross K. Armishaw

        Debtor

908 Poplar Ct,
Bensalem, PA 19020
SSN/ITN: xxx-xx-7326

Case No.: 25-10927-djb

Chapter 7

Judge Derek J Baker

## CERTIFICATE OF SERVICE OF MOTION

Dated: June 6 2025

I do hereby certify that on the below date, service of a true and correct copy of Movant's Motion for Relief from Stay (copies of which are attached hereto) have been served upon the following by electronic filing and via first class mail as indicated below:

Debtor Ross Armishaw
908 Popular Ct.
Bensalem, PA 19020
c/o:
Brad J. Sadek
Sadek Law Offices, LLC
1500 JFK Boulevard-STE 220
Philadelphia, PA 19102

Lynn E. Feldman, Trustee
2310 Walbert Avenue
Suite 103
Allentown. PA 18104

United States Trustee
Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street
Suite 320
Philadelphia, PA 19107

LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.

Brett M. Walker, Esq.
Louis B. Himmelstein and Associates, P.C.
1420 Walnut Street, Suite 1000
Philadelphia, PA 19102
Phone – 215-790-9996
Fax- 215-790-9055
lawyers@himmelsteinlawoffices.com